NUMBER 13-06-491-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
_________________________________________________________

JUAN ANTONIO GONZALEZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                               Appellee.
_________________________________________________________ 

On appeal from the 398th District Court 
of Hidalgo County, Texas.
_________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion Per Curiam

          Appellant, JUAN ANTONIO GONZALEZ, attempted to perfect an appeal from a
judgment entered by the 398th District Court of Hidalgo County, Texas. Sentence in this
cause was imposed on May 9, 2006. A timely motion for new trial was filed on June 7,
2006. The notice of appeal was due to be filed on August 7, 2006, but was not filed until
September 1, 2006. See Tex. R. App. P. 26.2(a)(2) (notice of appeal must be filed within
90 days after the day sentence is imposed if the defendant timely files a motion for new
trial). Said notice of appeal was untimely filed. 
          Appellant filed a motion to permit late filing of the notice of appeal on September 6,
2006. An appellate court may extend the time for perfecting an appeal provided that,
within fifteen days after the deadline for filing the notice of appeal, the defendant files the
notice of appeal with the clerk of the trial court and files a motion for extension of time with
the clerk of the appellate court. Tex. R. App. P. 26.3; Olivo v. State, 918 S.W.2d 519 (Tex.
Crim. App. 1996). Appellant failed to file his notice of appeal and a motion requesting an
extension of time within the requisite period of time. 
          Absent a timely notice of appeal or compliance with Rule 26.3, this court lacks
jurisdiction to entertain an appeal. Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App.
1998); Olivo, 918 S.W.2d 519; Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993).
The procedures for securing an out-of-time appeal are governed by post-conviction writ of
habeas corpus as delineated in article 11.07 of the code of criminal procedure. See Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon 2005).
          The Court, having considered the documents on file, appellant's failure to timely
perfect his appeal, and appellant’s untimely motion, is of the opinion that the appeal must
be dismissed for want of jurisdiction. Any and all pending motions are likewise dismissed. 
          The appeal is hereby DISMISSED FOR WANT OF JURISDICTION.
                                                                                      PER CURIAM
Do not publish.
Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and 
filed this the 28th day of September, 2006.